UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------------X
HERMAN DOWNER and CLAUDETTE NICHOLSON,

                                                                                               CIVIL ACTION NO.

        Plaintiffs,

        v.

LUIS E. OTERO and JUST IN TIME SOLUTIONS, LLC

        Defendants.

---------------------------------------------------------------------X

### NOTICE OF PETITION FOR REMOVAL

**PLEASE TAKE NOTICE** that defendants LUIS E. OTERO ("Mr. Otero") and JUST IN TIME SOLUTIONS, LLC ("Just In Time") (collectively the "Defendants"), by and through the undersigned counsel, hereby remove the above-captioned action pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1446, 28 U.S.C. § 1332(a)(1), Fed. R. Civ. P. 81(c), and the Connecticut District Court's Standing Orders on Removed Cases, from the Superior Court of Connecticut, Judicial District of New Haven at New Haven, to the United States District Court for the District of Connecticut. This action is styled *Herman Downer and Claudette Nicholson v. Luis E. Otero and Just in Time Solutions, LLC*, Docket No.: NNH-CV-22-6122073-S (the "State Court Action"). The grounds for Removal are as follows:

    1.    On or about March 28, 2022, Plaintiffs Herman Downer ("Plaintiff Downer") and Claudette Nicholson ("Plaintiff Nicholson")(collectively the "Plaintiffs") commenced this civil action in the Connecticut Superior Court, Judicial District of New Haven at New Haven, by filing a Summons and Complaint (collectively, the "Summons and Complaint"). True and accurate copies of the Summons and Complaint are attached hereto as "**Exhibit A**" in accordance with 28 U.S.C. § 1446(a).

1

2. Plaintiff provides that on March 22, 2022, State Marshal Robert S. Miller "served the within named non-resident defendant **LUIS E. OTERO,** by leaving with the Commissioner of Motor Vehicles of the State of Connecticut, Agent for Service for said non-resident defendant, **LUIS E OTERO,** a true and attested copy of the original Writ, Summons-Civil, Complaint and Statement of Amount in Demand with my endorsement thereon and paid the legal fee of $20.00, pursuant to Section 52-62 of the C.G.S. And afterwards, on March 22, 2022, in the Town of New Haven, I deposited at the Post Office, a letter, certified mail, return receipt requested addressed: **Luis E Otero 2351 Josefina Drive Kissimmee, FL 34744** receiving therefore the Post Office receipt hereto annexed.  Said letter contained a true and attested copy of the original Writ, Summons-Civil, Complaint and Statement of Amount in Demand with my endorsement thereon as to service upon the Commissioner of Motor Vehicles of the State of Connecticut, pursuant to Section 52-62 of the C.G.S." (emphasis in original) A true and accurate copy of the Officer's Return is attached as "Exhibit B."  Luis E. Otero received the Summons and Complaint by Certified Mail in Pennsylvania on or about March 28, 2022 per the USPS website (Certified Mail Number 7021 2720 0001 9431 7864).  Just in Time has not received the Summons and Complaint. Thus, this Notice of Petition For Removal is being timely filed under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of service.

3. Plaintiffs are Connecticut residents. See "Exhibit A" at SUMMONS – CIVIL page 1.

4. Mr. Otero is a Pennsylvania resident.

5. Just In Time is Limited Liability Company organized under the laws of Pennsylvania and is made up of one member.

6. The sole member of Just in Time is a resident of Pennsylvania.

8182393.1

7. In the State Court Action, Plaintiff Downer contends that "On or about August 28, 2020, the co-plaintiff, Herman Downer, was the owner and operator of a vehicle which was traveling in a southerly direction in the right hand lane of a two lane road known as Old Gate Lane in Milford, Connecticut." See "Exhibit A" at First Count, ¶ 1.

8. In the State Court Action, Plaintiff Downer contends that "At said time and place, the co-defendant, Luis E. Otero, was operating a tractor trailer truck owned by Just In Time Solutions, LLC which vehicle was exiting a private driveway of Pilot Travel Center, making a left hand turn onto Old Gate Lane, Milford, Connecticut." See "Exhibit A" at First Count, ¶ 3.

9. In the State Court Action, Plaintiff Downer contends that "At said time and place, the co-defendant, Luis E. Otero, was operating the vehicle owed by Just In Time Solutions LLC with permission, as agent, servant and/or employee or under the Family Car Doctrine." See "Exhibit A" at First Count, ¶ 4.

10. In the State Court Action, Plaintiff Downer contends that "At that time and place, the co-defendant, Luis E. Otero, attempted to make a left turn onto Old Gate Lane, Milford, Connecticut from the private parking lot of Pilot Travel Center, md collided into the driver's side of the plaintiffs' vehicle, thereby causing the plaintiffs to suffer injuries and losses as hereinafter described." See "Exhibit A" at First Count, ¶ 5.

11. In the State Court Action, Plaintiff Downer contends that "The plaintiff's injuries and losses were proximately caused by the carelessness and negligence of the defendant-operator in one or more of the following ways". See "Exhibit A" at First Count, second ¶ 4.

12. In the State Court Action, Plaintiff Downer contends that "As a result of the carelessness and negligence of the defendant, the plaintiff, Herman Downer, suffered injuries to his neck back and left shoulder, and/or an aggravation of same. Furthermore, he has experienced

physical and mental pain and suffering, some or all of which injuries may be permanent in nature." See "Exhibit A" at First Count, second ¶ 5.

13. In the State Court Action, Plaintiff Downer contends that "As a further result of this incident, the plaintiff has incurred medical expenses for treatment, and may incur additional expenses in the future." See "Exhibit A" at First Count, ¶ 6.

14. In the State Court Action, Plaintiff Downer contends that "As a further result of said incident, the plaintiffs normal daily activities and enjoyments of life were impaired and may be so impaired in the future." See "Exhibit A" at First Count, ¶ 7.

15. In the State Court Action, Plaintiff Nicholson contends that "On August 28, 2020, the co-plaintiff, Claudette Nicholson, was a passenger in a vehicle owned and operated by co-plaintiff, Herman Downer, which vehicle was traveling in a southerly direction in the right hand lane of a two lane road known as Old Gate Lane in Milford, Connecticut." See "Exhibit A" at Second Count, ¶ 1.

16. In the State Court Action, Plaintiff Nicholson contends that "At said time and place, the co-defendant, Luis E. Otero, was operating a tractor trailer, truck owned by Just In Time Solutions, LLC which vehicle was exiting a private driveway of Pilot Travel Center, making a left hand turn onto Old Gate Lane, Milford, Connecticut." See "Exhibit A" at Second Count, ¶ 3.

17. In the State Court Action, Plaintiff Nicholson contends that "At said time and place, the co-defendant, Luis E. Otero, was operating the vehicle owed by Just In Time Solutions LLC with permission, as agent, servant and/or employee or under the Family Car Doctrine." See "Exhibit A" at Second Count, ¶ 4.

18. In the State Court Action, Plaintiff Nicholson contends that "At that time and place, the co-defendant, Luis E. Otero, attempted to make a left turn onto Old Gate Lane, Milford, Connecticut from the private parking lot of Pilot Travel Center and collided into the driver's side

4

of the plaintiffs' vehicle, thereby causing the plaintiffs to suffer injuries and losses as hereinafter described." See "Exhibit A" at Second Count, ¶ 5.

19. In the State Court Action, Plaintiff Nicholson contends that "The plaintiff's injuries and losses were proximately caused by the carelessness and negligence of the defendant-operator in one or more of the following ways". See "Exhibit A" at Second Count, second ¶ 4.

20. In the State Court Action, Plaintiff Nicholson contends that "As a result of the carelessness and negligence of the defendant, the plaintiff, Claudette Nicholson, suffered injuries to her neck and back. Furthermore, she has experienced physical and mental pain and suffering, some or all of which injuries may be permanent in nature." See "Exhibit A" at Second Count, second ¶ 5.

21. In the State Court Action, Plaintiff Nicholson contends that "As a further result of this incident, the plaintiff has incurred medical expenses for treatment, and may incur additional expenses in the future." See "Exhibit A" at Second Count, ¶ 6.

22. In the State Court Action, Plaintiff Nicholson contends that "As a further result of said incident, the plaintiffs normal daily activities and enjoyments of life were impaired and may be so impaired in the future." See "Exhibit A" at Second Count, ¶ 7.

23. In the State Court Action, per the Connecticut Rules of Court to obtain a jury, Plaintiff asserts in the Amount in Demand the "amount in demand, exclusive of interest and costs, is in excess of Fifteen Thousand Dollars ($15,000.00)." See "Exhibit A" at Amount in Demand.

24 On April 8, 2022, Defendant's counsel sent Plaintiffs' counsel a letter and stipulation to cap damages at $75,000.00 otherwise Defendants would remove the matter to this Honorable Court. See "Exhibit C".

25. Plaintiffs did not sign the stipulation such that implicitly they are seeking in excess of $75,000.00.

26. On April 11, 2022, Plaintiffs sent a demand letter to Defendants' counsel for both Plaintiffs and their respective demands each exceeded $75,000.00.

27. Thus, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interests (See "Exhibit C"), and is between the citizens of different states.

28. Jurisdiction is properly laid in this Court pursuant to 28 U.S.C. § 1441(a) because it is the district and division embracing the place where such action is pending.

29. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 86, as the Federal District for the State of Connecticut is the Judicial District in which the underlying claim was commenced in State Court and Connecticut constitutes one judicial district.

30. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Petition For Removal is being served upon counsel for the Plaintiffs, and a copy is also being filed with the Clerk of the Court for the Superior Court of Connecticut, Judicial District of New Haven at New Haven.

31. With respect to, and in compliance with, the Local Standing Orders of the District Court of Connecticut, notification is being served on Plaintiffs' counsel, at the address set forth below, regarding the requirement for counsel to file a Notice of Appearance with the Clerk of this Court forthwith pursuant to Rule 5(b) of the Local Rules of Civil Procedure for the District of Connecticut.

32. With respect to, and in compliance with, the Local Standing Orders of the District Court of Connecticut, a Notice of Appearance is being filed in conjunction with this Notice of Petition For Removal.

33. With respect to, and in compliance with, the Local Standing Orders of the District Court of Connecticut, a certified statement of compliance with Local Civil Rule 5(b), is being filed in conjunction with this Notice of Petition For Removal.

34. With respect to, and in compliance with, the Local Standing Orders of the District Court of Connecticut, a Notice of Pending Motions is being filed in conjunction with this Notice of Petition For Removal.

35. A certified statement, pursuant to, and in compliance with, the United States District Court for the District of Connecticut's Standing Order for Counsel for Cases Removed from Superior Court is being filed in conjunction with this Notice of Petition For Removal.

36. With respect to, and in compliance with, FRCP 7.1 and the Local Standing Orders of the District Court of Connecticut, a Disclosure Statement regarding Limited Liability Company ownership being filed in conjunction with this Notice of Petition For Removal.

37. No previous application has been made for the relief requested herein.

**WHEREFORE**, defendants LUIS E. OTERO and JUST IN TIME SOLUTIONS, LLC respectfully request that this State Court Action be removed from the Superior Court of Connecticut, Judicial District of New Haven at New Haven to the United States District Court for the District of Connecticut, and that it proceed in this Court as an action properly removed thereto.

Dated: New York, New York
April 26, 2022

Respectfully submitted,

By: */s/Matthew J. Van Dusen*_____
Matthew J. Van Dusen, Esq.
Clausen Miller P.C.
*Attorneys for Defendants*
28 Liberty Street, 39th Floor
New York, New York 10005
(212) 805-3900 (T)
(212) 805-3939 (F)
68 Southfield Avenue,
2 Stamford Landing, Suite 100
Stamford, CT 06902
(203) 921-0303
File No: 22-4719-00-5
Bar ID: Ct26520

## CERTIFICATE OF SERVICE

I certify that on the 26th day of April 2022, I caused a true and correct copy of the foregoing **Notice of Petition for Removal** to be served via federal express overnight on the following:

John J. D'Elia, Esq.
D'Elia Gillooly Depalma LLC
700 State Street
New Haven, CT 06511

>                  */s/Matthew J. Van Dusen*_____
>                  Matthew J. Van Dusen